Order Filed on August 30, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-2(c)**
SCURA, WIGFIELD, HEYER,
STEVENS & CAMMAROTA, LLP
1 Harmon Meadow Blvd. Suite 201
Secaucus, NJ 07094
Email: jromero@scura.com
Jamal J. Romero, Esq.
Attorneys for Debtor

| | |
|---|---|
| In Re:<br><br>       Christian G. Monne,<br><br>                      Debtor. | Case No.: 23-10870 (JKS)<br><br>Chapter 13<br><br>Judge: Hon. John K. Sherwood |

## CONSENT ORDER RESOLVING CREDITOR'S OBJECTION TO CONFIRMATION

The relief set forth on the following pages, numbered two (2), is hereby ORDERED.

**DATED: August 30, 2023**

_____

Honorable John K. Sherwood
United States Bankruptcy Court

1

This matter opened to the Court by Christian Monne (the "Debtor") upon the filing of a Chapter 13 Plan (the "Plan"), and AGSCO Corporation (the "Creditor") (Debtor and Creditor collectively referred to as the "Parties") having filed Proof-of Claim ("POC") number 5 in the claims register of this case, which claim is based partially on a judgment docketed as a Statewide lien (the "Judgment") and partially premised on unsatisfied settlement agreement dated on or about April 9, 2021 (the "Settlement Agreement") entered into between the Parties in connection with the U.S. District Court Action, Case No. 2:20-cv-05720, (U.S. Dist. Ct., D.N.J.); and Creditor having objected to confirmation of the Plan and whereas the Parties hereto have resolved Creditor's objection with the entry of this order, and the Court taking notice of the Parties' consent to the relief provided herein, it is hereby **ORDERED**:

1. Proof-of Claim number 5 in the claims register of this case is bifurcated to an allowed secured claim in the amount of $100,000 and an allowed General Unsecured Claim in the amount of $40,000. Creditor shall file an amended POC in accordance with this order. Creditor's allowed secured claim shall be paid in full pursuant to Part 4(g) of any chapter 13 plan confirmed in this Chapter 13 case.

2. Creditor's General Unsecured Claim shall be paid in accordance with other General Unsecured Claims through the Plan.

3. Should Debtor fail to successfully complete this Chapter 13 Plan, and/or if this instant bankruptcy case is dismissed or is converted to any other chapter of the Bankruptcy Code, then the Parties shall be returned to the *status quo* as it existed prior to the filing of this instant bankruptcy case and the Creditor shall be free to pursue any remedies as

2

existed prior to such time, including, but not limited to, and to the extent permitted under applicable law, Creditor's right to collect its original Judgment and/or the total settlement amount pursuant to the Settlement Agreement, plus reasonable attorneys' fees and costs and less any payment(s) already made to Creditor.

4.  In the event that this Chapter 13 Plan is modified or amended, Creditor reserves its right to object to any such modified or amended Chapter 13 plan and/or file an amended POC.

5.  This Order will be incorporated in and become a part of any Order Confirming Plan in this case.

The undersigned consent to the
form and entry of this order.


/s/ Jamal J. Romero                                      /s/Marc D. Miceli
Jamal J. Romero, Esq.                                   Marc D. Miceli, Esq.
*Counsel to Debtor Christian Monne*                     *Counsel to AGSCO Corporation*



                                                        AGSCO CORPORATION


/s/Christian G. Monne                                   By:/s/Ted Plonsker
Christian G. Monne                                      Ted Plonsker, President


3