| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>23-02639 BKAOD01<br>BROCK & SCOTT, PLLC<br>302 Fellowship Rd, Suite 130<br>Mount Laurel, NJ 08054<br>(844) 856-6646<br>Attorneys for Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as trustee of MFA 2021-NQM2 Trust | **Order Filed on May 27, 2025<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In Re:<br><br>CHRISTIAN G MONNE | Case No: 23-10870-JKS<br><br>Judge: JOHN K. SHERWOOD<br><br>Chapter: 13 |

Recommended Local Form:  ☐ Followed  ☒ Modified

## ORDER GRANTING CERTIFICATION OF DEFAULT

The relief set forth on the following page is hereby **ORDERED**.

**DATED: May 27, 2025**

_____
Honorable John K. Sherwood
United States Bankruptcy Court

Upon the motion of Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as trustee of MFA 2021-NQM2 Trust, under Bankruptcy Code section 362(d) for relief from the automatic stay as to certain property as hereinafter set forth, and for cause shown, it is

ORDERED that the motion is granted and the stay is terminated to permit the movant to institute or resume and prosecute to conclusion one or more actions in the court(s) of appropriate jurisdiction to pursue the movant's rights in the following:

☒ Real Property more fully described as:

33 GRAYDON TERRACE, CLIFTON, NJ 07013

It is further ORDERED that the movant, its successors or assignees, may proceed with its rights and remedies under the terms of the subject mortgage and pursue its state court remedies including, but not limited to, taking the property to sheriff's sale, in addition to potentially pursuing other loss mitigation alternatives, including, but not limited to, a loan modification, short sale or deed-in-lieu foreclosure. Additionally, any purchaser of the property at sheriff's sale (or purchaser's assignee) may take any legal action for enforcement of its right to possession of the property.

It is further ORDERED that Federal Rule of Bankruptcy Procedure 3002.1 is no longer applicable to Movant, its successors or assignees.

☐ Personal property more fully described as:

It is further ORDERED that the movant may join the debtor(s) and any trustee appointed in this case as defendants in its action(s) irrespective of any conversion to any other chapter of the Bankruptcy Code.

It is further ORDERED that the movant shall be permitted to reasonably communicate with Debtor(s) and Debtor(s)' counsel to the extent necessary to comply with applicable non-bankruptcy law.

It is further ORDERED that the Trustee is directed to cease making any further distribution to the Creditor.

The movant shall serve this order on the debtor, any trustee and any other party who entered an appearance on the motion.

*rev. 11/14/2023*