

## S. MITNICK LAW, PC

Steven J. Mitnick, Attorney at Law ▪ smitnick@sm-lawpc.com
Marc D. Miceli, Of counsel ▪ mmiceli@sm-lawpc.com
P.O. Box 530 ▪ 49 Old Turnpike Road ▪ Oldwick, NJ 08858
P: 908.572.7275 ▪ F: 908.572-7271

*sm-lawpc.com*

February 23, 2026

Honorable John K. Sherwood, U.S.B.J
United States Bankruptcy Court
50 Walnut Street
Newark, NJ  07102

**Re:**    **In re:  Christian G. Monne**
**Case No. 23-10870 (JKS)**

**Limited Objection to Debtor's Motion to Sell Real Property**
**Hearing Date:  February 24, 2026 at 10:00 a.m.**

Dear Judge Sherwood,

This firm represents judgment creditor AGSCO Corporation ("**AGSCO**") in the above reference bankruptcy.  Please accept this limited objection in lieu of a more formal pleading.

On August 30, 2026, AGSCO and the Debtor entered into a consent order resolving AGSCO's claim (ECF No. 57) which, <u>inter alia</u>, quantified its claim at $140,000.  Pursuant to the terms of the Consent Order, the claim was bifurcated as $100,000 secured and $40,000 unsecured.  Shortly thereafter, AGSCO filed an amended proof of claim on September 7, 2023 (Claim No. 5) consistent with the terms of the Consent Order.

AGSCO files this limited objection to the Debtor's Motion to Sell Real Property (ECF No. 171) (the "**Motion**") to clarify the language in paragraph 9(d) of the proposed order submitted with the Motion, which currently reads as follows:

"ASGCO judgment DJ-166172-2022 to be paid at closing in the amount of $100,000 and judgment CV-012530-2021 is treated as an unsecured claim and will be paid pursuant to the confirmation order as a general unsecured creditor."

We respectfully ask that the proposed Order be modified to reference the Consent Order as follows:

"ASGCO judgment DJ-166172-2022 (the "Judgment") to be paid pursuant to the Consent Order entered on August 30, 2023 (ECF No. 57) (the "Consent Order") at closing of the Real Property in the amount of $100,000.  The balance owed per the Consent Order (i.e. $40,000) shall be paid as an unsecured claim and will be paid pursuant to the Consent Order and the confirmation order as a general unsecured creditor.  To the extent the $100,000 (or payoff amount) is not paid in full at closing, any remaining balance shall continue as a secured claim in this bankruptcy case.

We thank the Court for its assistance in this matter.

Respectfully submitted,

/s/Marc D. Miceli_____
Marc D. Miceli, Esq.

MDM/sb
Cc:    Steven Mitnick, Esq.