UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

---

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

SCURA, WIGFIELD, HEYER
STEVENS & CAMMAROTA, LLP
1599 Hamburg Turnpike
Wayne, New Jersey 07470
Tel.: (973) 435 0179
Jamal Romero, Esq.
jromero@scura.com
Counsel for Debtor

In Re:

Christian Monne,

                    Debtor.

Order Filed on February 24, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Case No.: _____23-10870_____

Hearing Date: _____2/24/2026_____

Chapter: _____13_____

Judge: _____JKS_____

## ORDER AUTHORIZING
## SALE OF REAL PROPERTY

| Recommended Local Form: | ☒ Followed | ☐ Modified |
|---|---|---|

The relief set forth on the following pages numbered two (2) and three (3), is **ORDERED**.

**DATED: February 24, 2026**

_____

Honorable John K. Sherwood
United States Bankruptcy Court

After review of the Debtor's motion for authorization to sell the real property commonly known as _____ 33 Graydon Terrace, Clifton, NJ 07013. _____, New Jersey (the Real Property).

**IT IS** hereby **ORDERED** as follows:

1. The Debtor is authorized to sell the Real Property on the terms and conditions of the contract of sale pursuant to 11 U.S.C. §§ 363(b) and 1303.

2. The proceeds of sale must be used to satisfy the liens on the real property unless the liens are otherwise avoided by court order. Until such satisfaction the real property is not free and clear of liens.

3. ☒   In accordance with D.N.J. LBR 6004-5, the *Notice of Proposed Private Sale* included a request to pay the real estate broker and/or debtor's real estate attorney at closing. Therefore the following professional(s) may be paid at closing.

| | |
|---|---|
| Name of professional: | Frances Rosado,  Real Estate Agent |
| Amount to be paid: | $25,200 (2%) |
| Services rendered: | Listing, contacting potential buyers, etc. |

**OR**:  ☐  Sufficient funds may be held in escrow by the Debtor's attorney to pay real estate broker's commissions and attorney's fees for the Debtor's attorneys on further order of this court.

4. Other closing fees payable by the Debtor may be satisfied from the proceeds of sale and adjustments to the price as provided for in the contract of sale may be made at closing.

5. The amount of $\underline{\hspace{1em}27,900\hspace{1em}}$ claimed as exempt may be paid to the Debtor.

6. The ☒ *balance of proceeds* or the ☐ *balance due on the debtor's Chapter 13 Plan* must be paid to the Chapter 13 Trustee in the Debtor's case.

7. A copy of the HUD settlement statement must be forwarded to the Chapter 13 Trustee 7 days after closing.

8. ☐ The debtor must file a modified Chapter 13 Plan not later than 21 days after the date of this order.

9. Other provisions:

a. The 14-day period set forth in F.R.B.P. 6004(h) regarding stay of this Order authorizing the sale of real property is hereby waived.

b. Closing must take place within 120 days from the entry of this order.

c. Closing is subject to ServiceMac, LLC as Servicer for Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as trustee of MFA 2021-NQM2 Trust ("Mortgagee") being paid in full based on a payoff to be provided at closing. Mortgagee's lien shall attach to the proceeds of sale pending full payoff.

d. ASGCO judgment DJ-166172-2022 (the "Judgment") to be paid pursuant to the Consent Order entered on August 30, 2023 (ECF No. 57) (the "Consent Order") at closing of the Real Property in the amount of $100,000. The balance owed per the Consent Order (i.e. $40,000) shall be paid as an unsecured claim and will be paid pursuant to the Consent Order and the confirmation order as a general unsecured creditor. To the extent the $100,000 (or payoff amount) is not paid in full at closing, any remaining balance shall continue as a secured claim in this bankruptcy case.

e. Fundworks, LLC judgment J-094064-2021 to be paid $0 at closing and will be voided upon completion of the plan.

f. Charles M. Forman, Chapter 7 Trustee for CGM & Daughters Corp., shall be paid $70,000 at closing consistent with the order approving settlement in the CGM & Daughters Corp. chapter 7 case.

*rev.1/12/22*