UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

---

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

SCURA, WIGFIELD, HEYER
STEVENS & CAMMAROTA, LLP
1599 Hamburg Turnpike
Wayne, New Jersey 07470
Tel.: (973) 435 0179
Jamal Romero, Esq.
jromero@scura.com
Counsel for Debtor

**Order Filed on April 7, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In Re:

Christian Monne,

                              Debtor.

| | |
|---|---|
| Case No.: | 23-10870 |
| Hearing Date: | 3/24/2026 |
| Chapter: | 13 |
| Judge: | JKS |

**AMENDED ORDER
AUTHORIZING SALE OF
REAL PROPERTY**

| | | | |
|---|---|---|---|
| Recommended Local Form: | ☐  Followed | ☒  Modified | |

The relief set forth on the following pages numbered two (2) and three (3), is
**ORDERED**.

**DATED: April 7, 2026**

_____

Honorable John K. Sherwood
United States Bankruptcy Court

After review of the Debtor's motion for authorization to sell the real property commonly

known as _____ 33 Graydon Terrace, Clifton, NJ 07013. _____, New Jersey (the Real

Property).

**IT IS** hereby **ORDERED** as follows:

1. The Debtor is authorized to sell the Real Property on the terms and conditions of the contract

of sale pursuant to 11 U.S.C. §§ 363(f).

2. The proceeds of sale must be used to satisfy the liens on the real property unless the liens are

otherwise avoided by court order. Until such satisfaction the real property is not free and clear of

liens.

3. ☒   In accordance with D.N.J. LBR 6004-5, the *Notice of Proposed Private Sale* included a

request to pay the real estate broker and/or debtor's real estate attorney at closing. Therefore the

following professional(s) may be paid at closing.

| | |
|---|---|
| Name of professional: | Frances Rosado,  Real Estate Agent / Eric Kamm Real Estate Attorney |
| Amount to be paid: | $22,400 (4%) / $5,000 |
| Services rendered: | Listing, contacting potential buyers, etc./ Real Estate attorney reviewed sale contract, communicated with buyers attorney, reviewed and prepared documents to facilitate the sale of the property. |

**OR**: ☐ Sufficient funds may be held in escrow by the Debtor's attorney to pay real estate

broker's commissions and attorney's fees for the Debtor's attorneys on further order of this

court.

4. Other closing fees and standard closing costs payable by the Debtor may be satisfied

from the proceeds of sale and adjustments to the price as provided for in the contract of sale

may be made at closing.

5. The amount of $\_\_\_\_\_25,000\_\_\_\_\_ claimed as exempt may be paid to the Debtor.

6. The ☒ *balance of proceeds* or the ☐ *balance due on the debtor's Chapter 13 Plan* must be paid to the Chapter 13 Trustee in the Debtor's case.

7. A copy of the HUD settlement statement must be forwarded to the Chapter 13 Trustee 7 days after closing.

8. ☐ The debtor must file a modified Chapter 13 Plan not later than 21 days after the date of this order.

9. Other provisions:

The following secured creditors will be paid at closing;

a. Closing is subject to ServiceMac, LLC as Servicer for Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as trustee of MFA 2021-NQM2 Trust ("Mortgagee") being paid in full based on a payoff to be provided at closing. Mortgagee's lien shall attach to the proceeds of sale pending full payoff.

b. ASGCO judgment DJ-166172-2022 (the "Judgment") to be paid pursuant to the Consent Order entered on August 30, 2023 (ECF No. 57) (the "Consent Order") at closing of the Real Property pursuant to current payoff. The balance owed per the Consent Order (i.e. $40,000) shall be paid as an unsecured claim and will be paid pursuant to the Consent Order and the confirmation order as a general unsecured creditor through the chapter 13 plan. To the extent the $94,069.75 (current payoff amount) is not paid in full at closing, any remaining balance shall continue as a secured claim in this bankruptcy case and will be paid through the chapter 13 plan.

c. The real property located at 33 Graydon Terrace, Clifton, New Jersey shall be sold free and clear of the judgment lien held by FundWorks, LLC (Judgment No. J-094064-2021) pursuant to 11-U.S.C. § 363(f). The sum of the net proceeds following the payoff of the mortgage and other secured creditors estimated at $80,000 will be held in bankruptcy counsel's escrow account and it will attach as a lien to the net proceeds. If no objection is filed by Fundworks, LLC following proof of service of this order to their California and Utah address the $80,000 will be released and the funds distributed in the following manner: Charles M. Forman, Chapter 7 Trustee for CGM & Daughters Corp., shall be paid $70,000 following no objection from FundsWork, LLC and the release of the funds being held in escrow.

d. NJ division of taxation lien DJ-89148-21 and DJ-109711-22 the sum $19,500.00 paid at closing.

e. NJ Motor Vehicle Commision DJ-008501-23 in the sum of $350.00 paid at closing.

f. The 14-day period set forth in F.R.B.P. 6004(h) regarding stay of this Order authorizing the sale of real property is hereby waived.

*rev.1/12/22*

g. Pending proceeds claimed as exempt shall be held by debtor's counsel in an escrow account pending resolution of the judgment liens as set forth in paragraph c.

h. Closing shall take place within 30 days.